# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0428, <u>In the Matter of Kelly Lavoie and Justin Lavoie</u>, the court on July 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  See Sup. Ct. R. 20(2).  The respondent, Justin Lavoie (husband), appeals the final decree of the Circuit Court (<u>Alfano</u>, J.), in his divorce from the petitioner, Kelly Lavoie (wife).  He argues that the trial court erred in: (1) ordering an unequal property division; (2) valuing the marital home; and (3) denying his request for child support.  We affirm.

The husband first argues that the trial court erred in ordering an unequal property division without stating its reasons for the disparity.  "The trial court is afforded broad discretion in determining matters of property distribution when fashioning a final divorce decree."  <u>In the Matter of Sanborn & Bart</u>, 174 N.H. 343, 353 (2021).  "We will not overturn a trial court's decision on these matters absent an unsustainable exercise of discretion or an error of law."  <u>Id</u>.  "If the court's findings can reasonably be made on the evidence presented, they will stand."  <u>Id</u>.  In ordering an equitable division of property between the parties, the court "shall presume that an equal division is an equitable distribution of property, . . . unless the court decides that an equal division would not be appropriate or equitable after considering one or more" enumerated factors.  RSA 458:16-a, II (2018).

The trial court is required to "specify written reasons for the division of property which it orders."  RSA 458:16-a, IV (2018).  If the "court concludes that an unequal distribution of property is warranted, it should state its reasons and make specific findings and rulings supporting its decision."  <u>In the Matter of Dube & Dube</u>, 163 N.H. 575, 582 (2012).  A court may satisfy this requirement by citing facts from the record that reflect the factors listed in RSA 458:16-a.  <u>Id</u>.

The husband argues that "[t]he large disparity in the distribution could have been easily rectified by dividing the proceeds of the [wife's] NS1 stock [options]," which were valued at $90,000, rather than awarding them entirely to her.  However, the court awarded the parties' condominium, in which they had approximately $200,000 in equity, entirely to the husband.  The court explained that it awarded the stock options entirely to the wife to offset the award of the condominium entirely to the husband.  We conclude the record

establishes an objective basis sufficient to sustain the trial court's property division, see Sanborn, 174 N.H at 353, and that the court made sufficient written findings to support its decision, see Dube, 163 N.H. at 582-83.

The husband next argues that the trial court erred in valuing the marital home at $640,000. He asserts that, on November 8, 2022, the parties stipulated that the value was $580,000. The record supports the trial court's finding that, on May 23, 2023, the second day of trial, the parties stipulated that the value of the marital home was approximately $640,000, with a mortgage debt of approximately $229,000, resulting in approximately $411,000 in equity to be divided equally between them. Accordingly, we find no error. See Sanborn, 174 N.H at 353.

Finally, the husband argues that the trial court erred in denying his request for child support. We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 140 (2020). There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. Id. at 141; RSA 458-C:4, II (2018). The presumption may be overcome, and the trial court may deviate from the guidelines, when a party shows by a preponderance of the evidence that the application of the guidelines would be "unjust or inappropriate," RSA 458-C:4, II, because of "[s]pecial circumstances" considered "in light of the best interests of the child." RSA 458-C:5, I (2018); Ndyaija, 173 N.H. at 142.

In this case, the court ordered a deviation from the child support guidelines based upon its finding that an order of no child support "will allow both parties to maintain a home and lifestyle for the child." Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion or erred as a matter of law in denying the husband's request for child support. See Ndyaija, 173 N.H. at 140.

The husband raises numerous issues in his reply brief that he did not raise in his opening brief. We do not consider issues raised for the first time on appeal in a reply brief. Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2